IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                  No. CV 16-01184-RB-KK
                                                     No. CR 09-00695-RB

BERNARDO FELIPE RODRIGUEZ-
VALENZUELA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant Bernardo Felipe Rodriguez-Valenzuela's Notice of Motion and Motion to Set Aside Default and Default Judgment Memorandum of Points and Authorities and Declaration of Defendant (U.S.C. 2255), filed on October 27, 2016. [CR Doc. 18; CV Doc. 1] Defendant's motion was docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [CR Doc. 18; CV Doc. 1] For the reasons set forth below, the Court liberally will construe Defendant's § 2255 motion as a writ of error *coram nobis*, Defendant's writ of error *coram nobis* will be dismissed, and judgment will be entered.

On March 20, 2009, Defendant pleaded guilty to the crime of Re-Entry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a), 1326(b). [CR Docs. 11, 13, 14] Defendant was sentenced to 53 days of imprisonment in the custody of the Bureau of Prisons, or time served, whichever was less, and the Court recommended that Immigration and Customs Enforcement begin immediate removal proceedings. [CR Doc. 17] A term of supervised release was not imposed, pursuant to section 5D1.1(a) of the United States Sentencing Guidelines. [CR Doc. 17]

The Court rendered judgment on Defendant's conviction and sentence on April 29, 2009.  [CR Doc. 17]

On October 27, 2016, Defendant filed the present § 2255 motion, asking the Court "to enter an Order Setting Aside Defendant's conviction and restoring Defendant's Civil rights," pursuant to Arizona Revised Statutes, § 13-905, 13-907, and 13-909.  [CR Doc. 18; CV Doc. 1] "A collateral challenge under 28 U.S.C. § 2255, like a habeas corpus proceeding, is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition . . . or (2) a federal sentence that has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (internal citations omitted).  The "in custody" requirement is jurisdictional and the petitioner seeking relief under § 2255 "has the burden of persuading the court by a preponderance of the evidence that the court has jurisdiction." *Id.*

Defendant completed serving his sentence and was discharged from custody in 2009.  Indeed, according to Defendant's § 2255 motion, he was "removed on the 30 day of April 2009 to Mexico via Paso del Norte, Texas."  [CR Doc. 18; CV Doc. 1]  Because Defendant was not "in custody" on the federal conviction and sentence under attack at the time his § 2255 motion was filed, the Court lacks jurisdiction over the motion.

Nonetheless, the Court recognizes that pro se pleadings should be construed liberally and that the Court may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that "[a] pro se litigant's pleadings are to be construed liberally" and that "this rule

2

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements"). The writ of error *coram nobis* is available "to address allegedly invalid convictions which have continuing consequences when the petitioner served his sentence and is no longer 'in custody' for purposes of seeking relief under 28 U.S.C. § 2255." *Martinez-Arellano v. United States*, 345 F. App'x 379, 381 n.5 (10th Cir. 2009) (unpublished); *see also Bustillos*, 31 F.3d at 934 (noting that the writ of error *coram nobis* "is available as a remedy regardless of whether [the petitioner] was in custody on the challenged sentence at the time he initiated this § 2255 proceeding"). Therefore, the Court will construe Defendant's § 2255 motion as a writ of error *coram nobis*.

A writ of error *coram nobis* is an "extraordinary remedy" that is available "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). "It is presumed that the proceedings leading to the conviction were correct . . . and the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant moves to set aside his criminal conviction and restore his civil rights, pursuant to Arizona Revised Statutes §§ 13-905, 13-907, and 13-909. However, the Arizona statutes cited by Defendant only are available to vacate Arizona state criminal convictions and to restore civil rights under Arizona state law. Thus, they do not provide a basis upon which to vacate Defendant's *federal* criminal conviction or to restore Defendant's civil rights under *federal* law.

*Cf. Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding that "federal habeas corpus relief does not lie for errors of state law").

Although the federal courts have "inherent equitable powers" to order expungement of a criminal conviction, this power is limited to "extreme cases" in which the "federal conviction . . . has, in some manner, been invalidated." *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). It is not enough to allege that a criminal conviction continues to have collateral consequences on a defendant, such as the deprivation of civil rights, because such consequences "are not unusual or unwarranted. Instead, they are the natural and intended collateral consequences of having been convicted." *Id.* (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)). Rather, a defendant must allege that his criminal conviction somehow has been "invalidated, such as by a finding that it was unconstitutional, illegal, or obtained through government misconduct." *Id.* In the present case, Defendant's federal criminal conviction has not been invalidated and, therefore, the Court lacks the power to expunge it. *See id.* Accordingly, Defendant's writ of error *coram nobis* will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendant's Notice of Motion and Motion to Set Aside Default and Default Judgment Memorandum of Points and Authorities and Declaration of Defendant (U.S.C. 2255) [CR Doc. 18; CV Doc. 1], which the Court has construed as a writ of error *coram nobis*, is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE